UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NANCY S. CASACCA,

    PLAINTIFF,                              CASE NO.: 1:22 v. 23419

v.

FRONTIER AIRLINES INC.,

    DEFENDANT.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, NANCY S. CASACCA by and through her undersigned counsel, and hereby sues the Defendant, FRONTIER ARILINES INC., and respectfully alleges and states as follows:

1. Plaintiff brings this action against Defendant under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this action under 29 U.S.C. § 2601 *et seq.* and 28 U.S.C. §§ 1331.

3. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is also vested with jurisdiction and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

4. Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial

1

        district and because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this judicial district. All facts and circumstances arising from this dispute took place in Miami-Dade County, Florida.

5. Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services.

## PARTIES

6. Plaintiff, NANCY S. CASSACA (hereinafter referred to as "Plaintiff") is an adult individual and resident of Collier County, Florida. who, at all times material herein, resided in Collier County, Florida.

7. Defendant, FRONTIER AIRLINES, INC. (hereinafter referred to as "Defendant") is the Plaintiff's employer with its principle place of business located in Colorado.

8. Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district and pursuant to 42 U.S.C. § 2000(e)-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this judicial district. All facts and circumstances arising from this dispute took place in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

9. Plaintiff began working for the Defendant as a Flight Attendant on or about December 5, 2018.

10. On or about November 11, 2021, began to develop sciatica of the left lower leg. This condition incapacitated the Plaintiff intermittently.

11. The Plaintiff requested intermittently FMLA leave for a period of three days per month during flareups.

12. The Plaintiff requested to utilize her intermittent FMLA in January for a flareup. Despite multiple requests, Defendant refused to mark her missed time in January as FMLA.

13. The Plaintiff attended her three month follow up with Dr. Douglas B. Paone on April 11, 2022. After observing and assessing the Plaintiff's condition, Dr. Paone recommended the Plaintiff take FMLA leave.

14. On April 12, 2022, the Dr. Paone prepared a detailed note explaining that the Plaintiff was required to take FMLA between April 13 and 15. Plaintiff promptly provided this note the Defendant.

15. The Plaintiff could not perform her job duties (prolonged standing, lifting, and moving items) between April 13, 2022 and April 15, 2022.

16. The Plaintiff used FMLA between April 13, 2022 and April 15, 2022.

17. The Plaintiff was terminated for taking FMLA.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq*.
## RETALIATION

18. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Under the FMLA, it is unlawful for an employer to act against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from

"discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2).

20. Defendant knew that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to FMLA-protected leaves of absence.

21. Defendant violated the FMLA and retaliated against Plaintiff by, among other things, terminating the Plaintiff.

22. As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

23. Further, Plaintiff is entitled to liquidated damages as the Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

24. During the 12 months preceding June 13, 2022, the Plaintiff worked or been paid for not less than 60 percent of her applicable monthly guarantee and worked or been paid for not less than 504 hours.

25. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff, NANCY S. CASACCA, demands judgment against Defendant, FRONTIER ARILINES INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that it interfered with the exercise of and the attempt to exercise one or more of Plaintiff's rights guaranteed by the FMLA;

B.	Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FMLA, including, but not limited to, directing that Defendant employ and reinstate Plaintiff to her previous with retroactive seniority and granting her full backpay with interest, pension and related benefits;

C.	Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.	Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.	Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.	Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR JURY TRIAL

26.	Plaintiff hereby demands trial by jury on all issues so triable as of right by jury in this matter.

Respectfully submitted this 20th day of October 2022.

> By: /s/ Frank M. Malatesta, Esq.
> FRANK M. MALATESTA, ESQ.
> Florida Bar No.: 0097080
> MALATESTA LAW OFFICE
> 871 Venetia Bay Boulevard, Suite 235
> Venice, Florida 34285
> Telephone No.: (941) 256-3812
> Facsimile No.: (888) 501-3865
> Frank@malatestalawoffice.com
> Staff@malatestalawoffice.com
> *Counsel for Plaintiff*