UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23419-PCH

NANCY S. CASACCA,

    Plaintiff,

v.

FRONTIER AIRLINES INC.,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Frontier Airlines, Inc.. hereby files is Answer and Statement of Defenses to the Complaint filed by Plaintiff Nancy Casacca as follows:

1. Defendant admits that Plaintiff purports to bring this action under the Family and Medical Leave Act of 1993 ("FMLA"), *as amended*, 29 U.S.C. § 2601 *et seq.*, but denies that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

2. Jurisdiction is a question of law which requires neither an admission nor denial; to the extent a response is required, Defendant admits this Court has jurisdiction over Plaintiff's claims, but deny that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

3. Jurisdiction is a question of law which requires neither an admission nor denial; to the extent a response is required, Defendant admits this Court has jurisdiction over Plaintiff's claims, but deny that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

4.  Venue is a question of law that requires neither an admission nor denial. To the extent a response is required, Defendant does not dispute that venue is proper in this District; Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint and further denies that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

5.  Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

## PARTIES

6.  Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.  Defendant denies the allegations contained in Paragraph 7 of the Complaint as phrased; except that Defendant admits that its principal place of business is in Colorado and further admits that that it previously employed Plaintiff.

8.  Venue is a question of law that requires neither an admission nor denial. To the extent a response is required, Defendant admits that venue is proper in this District; Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint and further denies that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

## GENERAL ALLEGATIONS

9.  Defendant denies the allegations contained in Paragraph 9 of the Complaint as phrased, but admits it previously employed Plaintiff as a Flight Attendant beginning in late 2018.

10. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16. Defendant denies the allegation contained in Paragraph 16 of the Complaint as phrased, but admits Plaintiff was out from April 13, 2022 through April 23, 2022, during which Plaintiff purported to designate April 13-15, 2022 as Intermittent FMLA, while bidding for and designating April 16-23, 2022 as vacation.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601 *et seq.*

18. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 17 of the Complaint as if set forth in full herein.

19. Paragraph 19 of the Complaint contains legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19 of the Complaint, except to admit that it quotes portions of 29 U.S.C. §2615(a)(2).

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

In response to the unnumbered "WHEREFORE" clause and its subparts (A) through (F) that follow Paragraph 25 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever, and it denies committing any unlawful or illegal act with respect to Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all costs incurred in defending this action, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant admits Plaintiff demands a jury trial on all issues so triable in Plaintiff's Complaint but denies there is any genuine issue as to any material fact with respect to the claims asserted in the Complaint requiring resolution by a jury.

## STATEMENT OF DEFENSES

Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows:

1.      Complaint, in whole or in part, fails to state a cause of action for relief under the FMLA – under either an interference or retaliation theory. **First**, Plaintiff's Complaint fails to set forth a claim to the extent Plaintiff is attempting to assert a claim for FMLA interference within her FMLA retaliation claim. *Duckworth v. Symon Says Enterprises, Inc.*, 2014 WL 495389, at *3 (M.D. Fla. Feb. 6, 2014) (granting motion to dismiss FMLA claim where plaintiff failed to articulate whether he sought redress for FMLA interference, retaliation, or both.). **Second**, even if such comingling of claims were permitted, Plaintiff's interference claim fails as Plaintiff does not allege that Defendant denied her a benefit to which she was entitled to under the FMLA.

2. To the extent it is discovered Plaintiff engaged in misconduct, violation of Defendant's policies, or other conduct that would have resulted in her termination and/or would have precluded her from obtaining employment with Defendant, Plaintiff's claims are subject to the after acquired evidence doctrine and limited in her recovery.

3. Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate her damages. Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

4. Plaintiff's claims are barred to the extent any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed outside the scope or course of their employment and without the consent, knowledge, or ratification of Defendant.

5. Plaintiff's claims should be dismissed to the extent that Plaintiff failed to provide proper notice of her entitlement to protected leave, failed to provide proper medical certification, and/or was not entitled to or eligible for leave or other benefits under the FMLA.

6. Plaintiff is not entitled to liquidated damages because Defendant at all times acted in good faith and had reasonable grounds to believe that its acts or omissions, if any, complied with the FMLA.

7. Plaintiff's claims may be barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

8. Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of a type and/or amount greater than that permissible under the FMLA, including compensatory damages and other remedies not permitted under the FMLA.

9. Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer and Statement of Defenses to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, Defendant respectfully requests that this Court enter judgment as follows:

a   Order that Plaintiff take nothing from this action;
b   Dismiss Plaintiff's Complaint with prejudice;
c   Order that judgment be entered in Defendant's favor;
d   Award Defendant its attorneys' fees against Plaintiff;
e   Award costs to Defendant; and
f   Award Defendant such other relief, both at law and in equity, to which it may be entitled.

**Dated**: November 28, 2022

Respectfully submitted,

By: */s/ Miguel A. Morel*
Miguel A. Morel
Florida Bar No. 89163
E-Mail:  mamorel@littler.com
**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500

*Attorneys for Defendant,
Frontier Airlines Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of November 2022, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

*/s/ Miguel A. Morel*
Miguel A. Morel

## SERVICE LIST

FRANK M. MALATESTA, ESQ.
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.: (888) 501-3865
E-Mail:  Frank@malatestalawoffice.com
E-Mail:  Staff@malatestalawoffice.com

*Counsel for Plaintiff*
*Served via CM/ECF*