**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

NANCY S. CASACCA,

    Plaintiff,

v.                                                                          CASE NO. 1:22-cv-23419-PCH

FRONTIER AIRLINES INC.,

    Defendant.

_____/

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), for good cause shown and by agreement of all parties, it is hereby ORDERED that the documents and other information, including the substance and contents thereof, designated by the parties as confidential and proprietary, and produced by the parties in response to any formal or informal requests for discovery in this litigation, shall be subject to the terms of this Protective Order as set forth below:

    1.    <u>Confidential Information - Defined</u>:  Any information produced by the parties during the course of discovery including any information relating to trade secrets, competitively sensitive information, or employment or personnel related records of employees other than the plaintiff, which is maintained by a company in a confidential manner, may be designated as "Confidential." All documents that contain private medical information of Plaintiff may also be designated as "Confidential." Additionally, all copies, excerpts, or summaries of the documents produced, including without limitation, documents produced by a party, from a party, may also be designated as "Confidential" by any party, but the opposing party may object to the designation of

any item as confidential. Any matter designated by a party as "Confidential" may only be disclosed to the following persons:

 (a) The parties and attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of the corporate parties, their in-house counsel and in-house counsel's administrative and paralegal assistants;

 (b) Experts or consultants hired by or consulted by such attorneys in connection with this action but only on the condition that the identity of such experts or consultants be disclosed, the expert or potential expert agrees to the restrictions set forth herein, and the party producing the documents does not make written objection, within three business days after disclosure, for cause to disclosure to such experts or consultants;

 (c) The principals, officers and clerical staff of the parties to this action and such other employees of a party who are likely to be witnesses or are potential witnesses to the extent counsel reasonably deems necessary for the preparation and trial of this action;

 (d) Deponents and court reporters in this action;

 (e) Third party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action;

 (f) The Court and Court's personnel; and

 (g) Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this action.

Counsel for any party who discloses confidential information to person(s) included in the foregoing subparagraphs (a) to (g) shall maintain a list of all such person(s).

 2. Any party from time to time may designate as "Confidential" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential commercial information or undue invasion of privacy and is necessary to protect the party's operational practices, trade secrets, proprietary interest or non-public information.

3. To the extent feasible, all confidential information shall be stamped "CONFIDENTIAL" prior to its production. Each party shall designate material it deems to be "CONFIDENTIAL" in the following manner:

(a) By stamping all documents with the designation "CONFIDENTIAL."

(b) By imprinting the designation "CONFIDENTIAL" next to each answer to an Interrogatory.

(c) By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept "CONFIDENTIAL."

(d) By affixing to the canister or cassette of all videotapes, DVDs, CDs, and audiotapes the designation "CONFIDENTIAL."

4. In the event that a party inadvertently fails to designate any confidential information, the party producing that information may within fourteen (14) days of production make such a designation by notifying the receiving person in writing. Each side shall treat information designated as confidential as such until further order of the court. The opposing party may object to the designation of the items designated as confidential after first trying to reach an agreement with the producing party.

5. Confidential Discovery Materials shall not be used by or communicated to any person or entity for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this action.

6. If the designating party wishes to file Confidential Discovery Materials, all Confidential Discovery Materials filed with the Court shall be (a) submitted under seal to the Court, (b) contemporaneously with a motion to file such materials under seal, and (c) contemporaneously served on opposing counsel so that opposing counsel may have the opportunity to contest the sealed designation. Materials filed under seal and approved by the Court

as properly filed under seal shall only be available to the Court and persons authorized by this Protective Order.

7. If the non-designating party wishes to file Confidential Discovery Materials, the non-designating party shall file a placeholder. The filing of a placeholder shall not prejudice the non-designating party for purposes of a dispositive motion, motion in limine or other relief sought by the non-designating party. The designating party shall have five (5) business days to submit under seal a copy of the Confidential Discovery Materials and file a motion to file such materials under seal. If the designating party fails to act on any portion of the Confidential Discovery Materials marked by a placeholder, then the non-designating party shall file a copy of the Confidential Discovery Material within ten (10) business days of the original filing of the placeholder.

8. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

9. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

10. A party or non-party who discovers that it has inadvertently disclosed or produced a privileged document or work product (hereinafter "protected document") must promptly notify the receiving party and describe the basis of the claim of privilege or protection. A party who

discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party. The disclosure in this proceeding, including during discovery or trial, of any document that is protected by the attorney-client privilege or work-product protection, shall not waive the privilege or protection in the above-captioned case, or in any other state or federal court proceeding or any other alternative dispute resolution proceeding, for either that document or the subject matter of that document, unless the party asserting the privilege affirmatively uses the document in support of that party's claim or defense. Except where a producing Party has affirmatively used a disclosed document to support its claims or defenses, the producing party may claw back a document and will not need to demonstrate that the disclosure was inadvertent, or that the producing party took reasonable steps to prevent disclosure, notwithstanding any argument or circumstances suggesting otherwise.

11. Any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials. This Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of permissible discovery in this matter.

Done this ___ day of _____, 2023.

BY THE COURT

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE